Kenneth R. Puhala
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for Andrew Christopher Beckham, as Foreign Representative*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                               :
In re:                                                         :    Chapter 15
                                                               :
BUMI INVESTMENT PTE LTD,                                       :    Case No. _____
                                                               :
          Debtor in a Foreign Proceeding.                      :
                                                               :
---------------------------------------------------------------X
                                                               :
In re:                                                         :    Chapter 15
                                                               :
BUMI CAPITAL PTE LTD,                                          :    Case No. _____
                                                               :
          Debtor in a Foreign Proceeding.                      :
                                                               :
---------------------------------------------------------------X
                                                               :
In re:                                                         :    Chapter 15
                                                               :
ENERCOAL RESOURCES PTE LTD,                                    :    Case No. _____
                                                               :
          Debtor in a Foreign Proceeding.                      :
                                                               :
---------------------------------------------------------------X

**DECLARATION OF ANDREW CHRISTOPHER BECKHAM IN SUPPORT OF: (I) VERIFIED PETITION UNDER CHAPTER 15; AND (II) APPLICATION FOR PROVISIONAL AND FINAL RELIEF FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1517, 1519, 1520 AND 1521**

Andrew Christopher Beckham, of full age, hereby declares:

PHDATA 5154870_1

1. I am the Chief Financial Officer of PT Bumi Resources Tbk ("Bumi Resources"), a public company incorporated under the laws of Indonesia, being the parent company of Bumi Investment Pte Ltd ("Bumi Investment"), Bumi Capital Pte Ltd ("Bumi Capital") and Enercoal Resources Pte Ltd ("Enercoal") (together, the "Foreign Debtors"). A true and correct copy of my curriculum vitae is attached as **Exhibit A**.

2. My office is located at Bakrie Tower, 11th Floor, Rasuna Epicentrum Complex, Jl.H.R Rasuna Said, Jakarta 12940.

3. I am the authorized foreign representative of the Foreign Debtors in the above-captioned Chapter 15 cases.

4. Bumi Investment was incorporated under the laws of Singapore and has its registered address located at 10 Anson Road, #03-05, International Plaza, Singapore 079903.

5. Bumi Capital was incorporated under the laws of Singapore and has its registered address located at 10 Anson Road, #03-05, International Plaza, Singapore 079903.

6. Enercoal was incorporated under the laws of Singapore and has its registered address located at 24 Boon Lay Way, #01-73, Tradehub 21, Singapore 609969.

7. The Foreign Debtors are wholly-owned subsidiaries of Bumi Resources.

8. Bumi Resources has an interest, either directly or otherwise, in a total of 67 entities incorporated in various jurisdictions (the "Bumi Group").

9. Bumi Resources is in the business of the mining and export of thermal coal and is one of the largest exporters of thermal coal in the world.

10. In recent years, the financial condition of Bumi Resources has deteriorated. This is directly attributable to the decrease in the global demand for coal, which resulted in a drop in coal prices.

11. Bumi Resources' revenue and EBITDA have declined substantially as a result of the drop in coal prices.

12. Although Bumi Resources has taken steps to reduce its mining costs, these savings have not been sufficient to compensate for the decline in the selling price of thermal coal.

13. As of June 30, 2014, Bumi Resources' net cash flow had declined into a negative position.

14. The Foreign Debtors were incorporated by Bumi Resources as special purpose vehicles to raise funds for and on behalf of Bumi Resources.

15. Bumi Investment entered into an indenture dated October 6, 2010 pursuant to which Bumi Investment issued $700 million in 10.75% guaranteed senior secured notes due 2017 (the "2017 Notes"). The Bank of New York Mellon is the trustee under the indenture for the 2017 Notes (the "2017 Notes Indenture"). Bumi Investments' obligations under the 2017 Notes are guaranteed by Bumi Resources, Forerunner International Pte Ltd (a company incorporated under the laws of Singapore), Sangatta Holdings Limited (a company incorporated under the laws of the Seychelles), Kalimantan Coal Ltd (a company incorporated under the laws of Mauritius) and PT Sitrade Coal (a company incorporated under the laws of the Republic of Indonesia).

16. Bumi Investment and Bumi Resources were unable to make the semi-annual interest payment due on October 6, 2014 under the 2017 Notes.

17. By letter dated November 14, 2014, The Bank of New York Mellon, as indenture trustee, declared a default under the 2017 Notes.

18.  Bumi Capital entered into an indenture dated November 13, 2009 pursuant to which it issued $300 million in 12% guaranteed senior secured notes due 2016 (the "2016 Notes").  The Bank of New York Mellon is the trustee under the indenture for the 2016 Notes (the "2016 Notes Indenture").  Bumi Capital's obligations under the 2016 Notes are guaranteed by Bumi Resources, Forerunner International Pte Ltd (a company incorporated under the laws of Singapore), Sangatta Holdings Limited (a company incorporated under the laws of the Seychelles), Kalimantan Coal Ltd (a company incorporated under the laws of Mauritius) and PT Sitrade Coal (a company incorporated under the laws of the Republic of Indonesia).

19.  Bumi Capital and Bumi Resources were unable to make the semi-annual interest payment due on November 10, 2014 under the 2016 Notes.

20.  By letter dated November 14, 2014, The Bank of New York Mellon, as indenture trustee, declared a default under the 2016 Notes.

21.  On August 5, 2009, Enercoal entered into a trust deed (as subsequently amended the "Trust Deed") pursuant to which Enercoal issued $375 million in bonds bearing a coupon rate of 9.25% on the principal amount *per annum*, payable in arrears on a monthly basis, and fully redeemable on August 5, 2014 (the "2014 Bonds").  The 2014 Bonds are held by The Bank of New York Mellon as trustee on behalf of the individual bondholders.  Enercoal's obligations under the 2014 Bonds are guaranteed by Bumi Resources.

22.  Enercoal and Bumi Resources were unable to redeem the 2014 Bonds as required by the Trust Deed and were unable to make the monthly coupon payments due under the 2014 Bonds for the months of September, October and November 2014.

23. Just over five months ago, FTI Consulting was appointed by the Bumi Group to assist in the formulation and implementation of a plan to restructure the debts of the Bumi Group, including the Foreign Debtors.

24. The Bumi Group has already commenced its restructuring process, preparing a restructuring framework and engaging in negotiations with numerous creditors, seeking standstill arrangements and/or to renegotiate debt repayments.

25. In order for the Foreign Debtors and other companies within the Bumi Group to achieve a meaningful recovery, a restructuring of Bumi Resources will have to be effected, either consensually or pursuant to the restructuring process available under Indonesian law.

26. The recoveries of creditors of the Foreign Debtors and the Bumi Group is likely to be far greater in a restructuring whereby the Bumi Group continues to operate as a going concern than such recoveries would be in an immediate liquidation.

27. If the cash flow of the Bumi Group is jeopardized by the actions of holders of the 2017 Notes, the 2016 Notes or the 2014 Bonds against the Foreign Debtors or Bumi Resources, the Bumi Group will not be able to maintain operations and the restructuring of the Bumi Group will be derailed.

28. In order to prevent recovery or enforcement efforts by creditors that would jeopardize the Bumi Group's and the Foreign Debtors' restructuring, on November 24, 2014 the Foreign Debtors initiated proceedings in the High Court of the Republic of Singapore (the "<u>Singapore Court</u>") pursuant to Section 210(10) of the Companies Act (Cap. 50) for an order imposing a moratorium on collection activity against the Foreign Debtors and Bumi Resources (collectively, the "<u>Singapore Proceeding</u>").

29. On November 24, 2014, the Singapore Court entered orders in the Singapore Proceeding prohibiting for a period of six months the commencement or continuation of any action by any creditors against the Foreign Debtors and the guarantors of the debts of Foreign Debtors including Bumi Resources, including, without limitation, proceedings for the recovery of a debt or damages by civil action, or proceedings by way of execution on a judgment (collectively, the "Singapore Order"). A true and correct copy of the Singapore Order is attached as **Exhibit B**.

30. Since the successful restructuring of the Foreign Debtors is dependant upon the successful restructuring of Bumi Resources, the Foreign Debtors requested, and the Singapore Court granted, a moratorium to Bumi Resources as well as the Foreign Debtors.

31. I have been appointed as the foreign representative of the Foreign Debtors in connection with this Chapter 15 case by the boards of directors of the Foreign Debtors. True and correct copies of the corporate resolutions appointing me as Foreign Representative are attached as **Exhibit C**.

32. As a result, to the best of my knowledge, information and belief, I am a person authorized to administer the reorganization of the Foreign Debtors' affairs and represent the Foreign Debtors in these Chapter 15 cases. Therefore, I believe that I am a "foreign representative" within the meaning of § 101(24) of the Bankruptcy Code.

33. To the best of my knowledge, information and belief, the Singapore Proceeding is a judicial proceeding, including an interim proceeding, under Singapore law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or

liquidation. Accordingly, I believe that the Singapore Proceeding is a "foreign proceeding" within the meaning of § 101(23) of the Bankruptcy Code.

34. The Foreign Debtors are incorporated under Singapore law and have their registered offices in Singapore. As a result, I believe that the Foreign Debtors have their "center of main interests" in Singapore and, therefore the Singapore Proceeding should be recognized as a "foreign main proceeding" pursuant to § 1502(4) of the Bankruptcy Code.

35. To the best of my knowledge, information and belief, the Singapore Proceeding is the only pending debt adjustment or insolvency proceeding of any kind involving the Foreign Debtors.

36. A retainer has been paid on behalf of the Foreign Debtors to their counsel in the above-captioned Chapter 15 case, which is being maintained in a bank account in the United States. Other than the retainer funds, the Foreign Debtors do not have assets in the United States. The Foreign Debtors have no place of business in the United States.

37. In the 2017 Notes Indenture, Bumi Investment and Bumi Resources consented to jurisdiction in New York in connection with any suit, action or proceeding arising out of or relating to the 2017 Notes. The 2017 Notes Indenture also provides that the 2017 Notes Indenture and the 2017 Notes will be governed by, and interpreted in accordance with, New York law.

38. In the 2016 Notes Indenture, Bumi Capital and Bumi Resources consented to jurisdiction in New York in connection with any suit, action or proceeding arising out of or relating to the 2016 Notes. The 2016 Notes Indenture also provides that the 2016 Notes Indenture and the 2016 Notes will be governed by, and interpreted in accordance with, New York law.

39.     The Foreign Debtors are seeking the entry of an order granting provisional relief and enjoining creditors from initiating or continuing any collection efforts in the United States pending the hearing on the Foreign Debtors' petition for recognition of the Singapore Proceeding as a foreign main proceeding.  The entry of an order granting such provisional relief to maintain the status quo is essential to the restructuring of the Foreign Debtors and will prevent the Foreign Debtors from suffering irreparable harm as a result of any enforcement proceedings.

[*signature page follows*]

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on  December 1 , 2014,
in the Republic of Singapore.

*[signature]*

Andrew Christopher Beckham,
Foreign Representative