Kenneth R. Puhala
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone: (212) 973-8000
Fax: (212) 972-8798
*Attorneys for Andrew Christopher Beckham, as Foreign Representative*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 15
                                                            :
BUMI INVESTMENT PTE LTD,                                    :    Case No. _____
                                                            :
         Debtor in a Foreign Proceeding.                    :
                                                            :
------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 15
                                                            :
BUMI CAPITAL PTE LTD,                                       :    Case No. _____
                                                            :
         Debtor in a Foreign Proceeding.                    :
                                                            :
------------------------------------------------------------X
                                                            :
In re:                                                      :    Chapter 15
                                                            :
ENERCOAL RESOURCES PTE LTD,                                 :    Case No. _____
                                                            :
         Debtor in a Foreign Proceeding.                    :
                                                            :
------------------------------------------------------------X

**DECLARATION OF SIM KWAN KIAT IN SUPPORT OF: (I) VERIFIED PETITION
UNDER CHAPTER 15; AND (II) APPLICATION FOR PROVISIONAL AND FINAL
RELIEF FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING
PURSUANT TO 11 U.S.C. §§ 105(a), 1517, 1519, 1520 AND 1521**

Sim Kwan Kiat hereby declares as follows:

1. I submit this declaration in support of the verified petitions (the "<u>Verified Petitions</u>") of Andrew Christopher Beckham, the duly authorized foreign representative (the "<u>Foreign Representative</u>") of the debtors captioned above (the "<u>Foreign Debtors</u>").

2. The Foreign Representative seeks entry of an order from this Court (a) granting provisional relief and enjoining creditors from initiating or continuing any collection efforts in the United States pending the hearing on the Foreign Debtors' petitions for recognition of proceedings commenced in the High Court of the Republic of Singapore (the "<u>Singapore Court</u>") by the Foreign Debtors pursuant to Section 210(10) of the Singapore Companies Act (Cap. 50) (the "<u>Singapore Proceeding</u>") as a foreign main proceeding and (b) recognizing the Singapore Proceeding as a foreign main proceeding pursuant to 11 U.S.C. §§ 1515 and 1517 and granting related relief.

3. I am a Partner of Rajah & Tann Singapore LLP, a Singapore law firm. I am admitted to practice law in Singapore and New York. Over the past 15 years, I have developed an extensive practice in insolvency and restructuring work including, among other matters, as lead attorney for Singapore lenders in the restructuring of the Drydocks World group (which manages businesses and projects for the Dubai government and owns the largest shipyard in the Middle East), the restructuring of Danish shipping group Torm A/S, and the restructuring of Korean conglomerates including Korea Line Corporation. I regularly provide advice to clients on, among other things, matters relating to schemes of arrangement under the Singapore Companies Act.

4. Unless otherwise specified, all facts set forth in this Declaration are based upon my personal knowledge from my assistance provided to the Foreign Debtors in connection with

the Singapore Proceeding and my experience and knowledge of Singapore law. In preparing this Declaration, I have reviewed the following materials: (a) the Verified Petitions; (b) the Beckham Declaration (as hereinafter defined); and (c) the documents submitted by the Foreign Debtors in support of the Singapore Proceeding.

*Singapore Companies Act*

5.    The Singapore Companies Act is a statute that provides for, among other things, schemes of arrangement under Singapore law. Schemes of arrangement pursuant to the Singapore Companies Act, like a Chapter 11 proceeding under U.S. law, provide mechanisms for the orderly restructuring of debts and contractual relations between a debtor and its creditors.

6.    Under Section 210 of the Singapore Companies Act, there are three stages in the process to implement a scheme of arrangement: First, an application must be made to the Singapore Court for an order that one or more meetings of members and/or creditors be summoned. Secondly, the proposals must be put before these meetings and approved by the stipulated majority of each class. Thirdly, if (and only if) they are so approved, the Singapore Court may in its discretion sanction them. A true and correct copy of Section 210 of the Singapore Companies Act is attached as **Exhibit A.**

7.    In the interim, before the necessary resolutions are passed or before the Singapore Court approves the scheme of arrangement or compromise, an application may be made to the Singapore Court under section 210(10) of the Singapore Companies Act for an order that proceedings pending against a distressed company may be stayed. Section 210(10) states:

**"Power of Court to restrain proceedings**

(10) Where no order has been made or resolution passed for the winding up of a company and any such compromise or arrangement has been proposed between the company and its creditors or any class of such creditors, the **Court may**, in addition to any of its powers, on the application in a summary way of the company or of any member or creditor of the company **restrain further proceedings in any action or proceeding against the company** except by leave of the Court and subject to such terms as the Court imposes."

(Emphasis added).

8.  The Singapore Court's power to restrain further proceedings includes, if necessary, the power to adjourn a winding up petition that has been presented against the company, the power to restrain the appointment of a receiver and manager under a debenture, and the power to stay actions or proceedings already commenced against the company. The Singapore Court also has inherent jurisdiction to grant a moratorium against proceedings which have yet to be commenced.

9.  The Singapore Proceeding was commenced to seek protection under Section 210(10) of the Singapore Companies Act.

*The Singapore Proceeding*

10. On November 24, 2014, the Foreign Debtors commenced the Singapore Proceeding pursuant to Section 210(10) of the Singapore Companies Act to restrain creditors from filing any action or proceeding against them and their assets.

11. On November 24, 2014 the Singapore Court granted the 210(10) applications and entered orders for the Foreign Debtors and the guarantors of the debts of Foreign Debtors including Bumi Resources that, among other things, prohibit for a period of six months in the first instance the commencement or continuation of any action by any creditors, including, without limitation, proceedings for the recovery of a debt or damages by civil action and proceedings by way of execution on a judgment (collectively, the "Singapore Order"). A true and correct copy of the Singapore Order is attached as Exhibit A to the accompanying Declaration of Andrew Christopher Beckham (the "Beckham Declaration").

12. The Singapore Order will afford the Foreign Debtors breathing space to formulate a restructuring plan and apply to the Singapore Court under Section 210 of the Singapore Companies Act to propose and implement a scheme of arrangement.

*Qualifications for Recognition*

13. I am aware of the definition of "foreign proceeding" as set forth in 11 U.S.C. § 101(23). To the best of my knowledge, information and belief, the Singapore Proceeding is a judicial proceeding, including an interim proceeding, under Singapore law relating to insolvency or adjustment of debt in which the assets and affairs of the Foreign Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation. In this case, the supervision of the court takes the form of the need for the court's sanction before a scheme of arrangement can be validly put into effect. Accordingly, I believe that the Singapore Proceeding is a "foreign proceeding" within the meaning of § 101(23) of the Bankruptcy Code.

14. I am aware of the definition of "foreign representative" as set forth in 11 U.S.C. § 101(24). The boards of directors of the Foreign Debtors have appointed the Foreign

Representative for the Foreign Debtors in connection with these Chapter 15 cases. Under Singapore law, unless otherwise directed by the court, boards of directors of companies that have commenced proceedings under section 210 of the Singapore Companies Act are authorized to continue to manage the affairs of the corporations, administer its scheme of arrangement and otherwise preserve the corporation's assets. Appointment of a foreign representative for purposes of Chapter 15 falls within the authorized duties of a corporation's board of directors. Accordingly, I believe that the Foreign Representative has been duly appointed and authorized within the meaning of § 101(24). True and correct copies of the corporate resolutions appointing the Foreign Representative are attached as Exhibit B to the Beckham Declaration.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Executed on  December 1  , 2014,
in the Republic of Singapore

_____
Sim Kwan Kiat