Kenneth R. Puhala
SCHNADER HARRISON SEGAL & LEWIS LLP
140 Broadway, Suite 3100
New York, NY 10005-1101
Phone:  (212) 973-8000
Fax:  (212) 972-8798
*Attorneys for Andrew Christopher Beckham, as Foreign Representative*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                        :

In re:                                                  :         Chapter 15

BUMI INVESTMENT PTE LTD,          :         Case No. _____

          Debtor in a Foreign Proceeding.  :

----------------------------------------------------------------------X

In re:                                                    :         Chapter 15

BUMI CAPITAL PTE LTD,              :         Case No. _____

          Debtor in a Foreign Proceeding.  :

----------------------------------------------------------------------X

In re:                                                      :         Chapter 15

ENERCOAL RESOURCES PTE LTD,   :         Case No. _____

          Debtor in a Foreign Proceeding.  :

----------------------------------------------------------------------X

**MEMORANDUM OF LAW OF ANDREW CHRISTOPHER BECKHAM,
AS FOREIGN REPRESENTATIVE OF THE ABOVE-CAPTIONED
DEBTORS IN A FOREIGN PROCEEDING, FOR (I) RECOGNITION
OF FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 1515
AND 1517 (II) RELIEF PURSUANT TO 11 U.S.C. §§ 1520 AND 1521 AND
<u>(III) IMMEDIATE RELIEF PURSUANT TO 11 U.S.C. §§ 105(a) AND 1519</u>**

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT ........................................................................................1

II. FACTUAL BACKGROUND..........................................................................................1

III. THE SINGAPORE PROCEEDING IS ENTITLED TO RECOGNITION UNDER
     CHAPTER 15 ...................................................................................................................2

    A.  This Court Has Jurisdiction to Recognize the Singapore Proceeding and Venue
        is Proper in this District................................................................................................2

    B.  The Chapter 15 Cases Were Properly Commenced ......................................................4

    C.  The Singapore Proceeding is a Foreign Proceeding under Section 101(23)
        of the Bankruptcy Code................................................................................................4

    D.  The Chapter 15 Cases Were Commenced by a Duly Authorized Foreign
        Representative ..............................................................................................................5

    E.  The Singapore Proceeding Should be Recognized as a Foreign
        Main Proceeding ..........................................................................................................6

IV. PROVISIONAL RELIEF SHOULD BE GRANTED.......................................................7

V.  CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*CT Investment Mgmt Co., LLC v. Carbonell*,
   2012 U.S. Dist. LEXIS 3356 (S.D.N.Y. 2012) ........................................................................12

*In re The 1031 Tax Group, LLC*,
   397 B.R. 670 (Bankr. S.D.N.Y. 2008) ....................................................................................12

*In re Artimm*,
   278 B.R. 832 (Bankr. C.D. Cal. 2002) .....................................................................................8

*In re Atlas Shipping*,
   Case No. 09-10314 (MG) (Bankr. S.D.N.Y. Jan. 27, 2009) .....................................................9

*In re Chembulk New York Pte Ltd*,
   Case No. 12-11007 (SMB) (Bankr. S.D.N.Y. March 23, 2012) ..............................................9

*In re Compania Mexicana de Aviación, S.A. de C.V.*,
   Case No. 10-14182 (MG) (Bankr. S.D.N.Y. Aug. 3, 2010) .....................................................9

*In re Daewoo Logistics Corp.*,
   Case No. 09-15558 (BRL) (Bankr. S.D.N.Y. Sept. 17, 2009) ..................................................9

*In re Int'l Banking Corp. B.S.C.*,
   Case No. 09-17318 (SMB) (Bankr. S.D.N.Y. Dec. 18, 2009) ..................................................9

*In re Japan Airlines Corp.*,
   Case No. 10-10198 (JMP) (Bankr. S.D.N.Y. Jan. 19, 2010) ....................................................9

*In re MMG LLC*,
   256 B.R. 544 (Bankr. S.D.N.Y. 2000) ..........................................................................8, 10, 11

*In re Octavia Administration Pty Ltd*,
   511 B.R. 361 (Bankr. S.D.N.Y. 2014) .....................................................................................2

*In re Petition of Garcia Avila*,
   296 B.R. 95 (Bankr. S.D.N.Y. 2003) .....................................................................................11

*In re PT. Arpeni Pratama Ocean Line TBK.*,
   Case No. 11-15691 (ALG) (Bankr. S.D.N.Y. Jan. 12, 2012) ...................................................9

*In re PT Berlian Laju Tanker Tbk*,
   Case No. 13-10901 (SMB) (Bankr. S.D.N.Y. March 29, 2013) ..............................................8

*In re Rubin*,
    160 B.R. 269 (Bankr. S.D.N.Y. 1993) ..................................................................10

*In re Suntech Power Holdings Co., Ltd.*,
    2014 Bankr. LEXIS 4748 (Bankr. S.D.N.Y. 2014) ................................................3

*MyWebGrocer, LLC v. Hometown Info, Inc.*,
    375 F.3d 190 (2d Cir. 2004) ...................................................................................9

*Northwest Airlines Corp. v. Ass'n of Flight Attendants (In re Northwest Airlines Corp.)*,
    349 B.R. 338 (S.D.N.Y. 2006) ..............................................................................10

*Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*,
    825 F.2d 709 (2d Cir. 1987) .................................................................................10

*Wilson v. Creditors' Comms. of Commodore Int'l Ltd. (In re Commodore Business Machines)*,
    246 B.R. 476 (S.D.N.Y. 2000) ................................................................................9

**STATUTES**

11 U.S.C. § 101(23) ..................................................................................................2, 4, 5

11 U.S.C. § 101(24) ..................................................................................................2, 5, 6

11 U.S.C. § 105 ..............................................................................................................8, 12

11 U.S.C. § 109 ....................................................................................................................2

11 U.S.C. § 304 ....................................................................................................................8

11 U.S.C. § 362 ..............................................................................................................7, 11

11 U.S.C. § 1501 ..................................................................................................................2

11 U.S.C. § 1502 ..................................................................................................................2

11 U.S.C. § 1504 ..................................................................................................................2

11 U.S.C. § 1515 ..............................................................................................................2, 4

11 U.S.C. § 1516 ..........................................................................................................4, 6, 11

11 U.S.C. § 1517 ..............................................................................................................6, 7

11 U.S.C. § 1519 ..........................................................................................................4, 7, 9

11 U.S.C. § 1520 ..............................................................................................1, 3, 7, 8, 11, 12

11 U.S.C. § 1521 .................................................................................................................1, 3, 8, 12

28 U.S.C. § 157 .........................................................................................................................2

28 U.S.C. § 1334 .......................................................................................................................2

28 U.S.C. § 1410 ....................................................................................................................2, 3

**OTHER AUTHORITIES**

Fed R. Bankr. P. 7007.1 ............................................................................................................4

Petitioner, Andrew Christopher Beckham, the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtors in a foreign proceeding (the "Foreign Debtors"), by and through the undersigned counsel, respectfully submits this memorandum of law ("Memorandum of Law") in support of his application for an order (a) granting provisional relief and enjoining creditors from initiating or continuing any collection efforts in the United States pending the hearing on the Foreign Debtors petitions for recognition of proceeding commenced in the High Court of the Republic of Singapore (the "Singapore Court") by the Foreign Debtors pursuant to Section 210(10) of the Singapore Companies Act (Cap. 50) (the "Singapore Proceeding") as a foreign main proceeding and (b) recognizing the Singapore Proceeding as a foreign main proceeding pursuant to 11 U.S.C. §§ 1515 and 1517 and granting related relief.

**I.    PRELIMINARY STATEMENT**

1. The granting of relief pursuant to Sections 1520 and 1521 of Title 11 of the United States Code (the "Bankruptcy Code") is necessary for the orderly and equitable administration of the Foreign Debtors' restructuring. Absent such relief, the Foreign Debtors' ability to undergo a restructuring that will be beneficial to all creditors will be jeopardized. Without the immediate and provisional relief afforded by Sections 105(a) and 1519 of the Bankruptcy Code, the Foreign Debtors and their creditors will be immediately and irreparably harmed.

**II.    FACTUAL BACKGROUND**

2. The facts supporting the Verified Petition and the application for relief under 11 U.S.C. §§ 105(a) and 1519 are set forth in the accompanying Verified Petition of Andrew Christopher Beckham (the "Verified Petition"), the Beckham Declaration, and the Declaration of

Sim Kwan Kiat (the "Sim Declaration" or "Sim Decl."), all of which have been filed contemporaneously with this Memorandum of Law. The Court is referred respectfully to those materials for the relevant facts.

### III.   THE SINGAPORE PROCEEDING IS ENTITLED TO RECOGNITION UNDER CHAPTER 15

3.   The Singapore Proceeding is entitled to Recognition under chapter 15. In order to qualify for recognition under chapter 15, it must be demonstrated that (a) this Court has jurisdiction and venue, (b) the chapter 15 cases were commenced properly in accordance with Sections 1504 and 1515 of the Bankruptcy Code, (c) the Singapore Proceeding is a foreign proceeding within the meaning of Section 101(23) of the Bankruptcy Code, (d) the Singapore Proceeding is a foreign main proceeding pursuant to Section 1502(4) of the Bankruptcy Code, and (e) the Foreign Representative is a "foreign representative" within the meaning of Section 101(24) of the Bankruptcy Code. All of these requirements have been met.

### A.   *This Court Has Jurisdiction to Recognize the Singapore Proceeding and Venue is Proper in this District*

4.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 109 and 1501.

5.   The Foreign Debtors satisfy the requirements of section 109(a) because they possess property in the United States in the form of an undrawn retainer in the possession of the Foreign Representative's counsel. *In re Octavia Administration Pty Ltd*, 511 B.R. 361, 372 (Bankr. S.D.N.Y. 2014). Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core proceedings. 28 U.S.C. § 157(b)(2)(P).

6.   Venue is proper in this district pursuant to 28 U.S.C. § 1410, which provides as follows:

A case under Chapter 15 of title 11 may be commenced in the district court of the United States for the district—

(1)  in which the debtor has its principal place of business or principal assets in the United States;

(2)  if the debtor does not have a place of business or assets in the United States, in which there is pending against the debtor an action or proceeding in a Federal or State court; or

(3)  in a case other than those specified in paragraph (1) or (2), in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative.

28 U.S.C. § 1410.

7. Under section 1410(1), venue is appropriate in this district because the retainer held by the Foreign Debtors' New York counsel constitutes the principal asset of the Foreign Debtors in the United States. *In re Suntech Power Holdings Co., Ltd.*, 2014 Bankr. LEXIS 4748 at *29-30 (Bankr. S.D.N.Y. 2014).

8. In addition, venue in this district is consistent with the interests of justice and the convenience of the parties pursuant to Section 1410(3). This district will likely be convenient to creditors, if any, who challenge the orders of the Singapore Court in the Singapore Proceeding and/or the Foreign Representative's request in this chapter 15 case for recognition of same because of New York's centrality in international finance, commerce and shipping. Further, the Foreign Debtors and Bumi Resources consented to jurisdiction in New York for any disputes involving the 2017 Notes and the 2016 Notes. Section 1410(2) does not apply because the Foreign Debtors have no place of business in the United States and there are no proceedings pending presently with respect to the Foreign Debtors in the United States.

### B. *The Chapter 15 Cases Were Properly Commenced*

9. The Foreign Debtors' chapter 15 cases were duly and properly commenced by filing the chapter 15 petitions and the Verified Petition accompanied by all fees, documents and information required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), including: (a) a corporate ownership statement containing the information described in Bankruptcy Rule 7007.1; (b) a List of Foreign Proceeding Administrators, Litigation Parties and Entities Against Whom 11 U.S.C. § 1519 Provisional Relief is Sought; (c) a statement identifying all foreign proceedings with respect to the Foreign Debtors that are known to the Foreign Representative, and (d) a certified copy of the Singapore Order.

10. Having filed the above-referenced documents and because this Court is entitled to presume the authenticity of such documents filed in connection with the chapter 15 petition and Verified Petition under Section 1516(b) of the Bankruptcy Code, the requirements of Section 1515 of the Bankruptcy Code have been satisfied.

### C. *The Singapore Proceeding is a Foreign Proceeding under Section 101(23) of the Bankruptcy Code*

11. Section 101(23) of the Bankruptcy Code provides as follows:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation. 11 U.S.C. § 101(23).

12. On November 24, 2014, the Foreign Debtors commenced the Singapore Proceeding pursuant to Section 210(10) of the Singapore Companies Act (Cap. 50). The Singapore Proceeding is a judicial proceeding, under Singapore law relating to insolvency or

4                                                                                                      PHDATA 5156059_1

adjustment of debt in which the assets and affairs of the Foreign Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.  Accordingly, these chapter 15 cases concern a "foreign proceeding" within the meaning of Section 101(23) of the Bankruptcy Code.

13. On November 24, 2014, the Singapore Court issued the Singapore Order that, among other things, prohibits for a period of six months in the first instance the commencement or continuation of any action by any creditors against the Foreign Debtors and Bumi Resources, including, without limitation, proceedings for the recovery of a debt or damages by civil action and proceedings by way of execution on a judgment (the "Singapore Order").

### D. *The Chapter 15 Cases Were Commenced by a Duly Authorized Foreign Representative*

14. The Foreign Representative is duly authorized to serve as a "foreign representative" in this chapter 15 case. The term "foreign representative" is defined under Section 101(24) of the Bankruptcy Code to mean:

> a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

15. The boards of directors of the Foreign Debtors have appointed Mr. Beckham as the Foreign Representative for the Foreign Debtors in connection with this chapter 15 case. Under Singapore law, unless otherwise directed by the court, boards of directors of companies that have commenced proceedings under Section 210(10) of the Singapore Companies Act are authorized to continue to manage the affairs of the corporations, administer its scheme of arrangement and otherwise preserve the corporation's assets.  Under Singapore law, appointment

of a foreign representative for purposes chapter 15 falls within the authorized duties of a corporation's board of directors.

16.    Accordingly, the Foreign Representative respectfully submits that Mr. Beckham is a duly appointed foreign representative within the meaning of 11 U.S.C. § 101(24).

### E.    *The Singapore Proceeding Should be Recognized as a Foreign Main Proceeding*

17.    Section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding for which recognition is sought must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has the center of its main interests. Section 1516(c) of the Bankruptcy Code provides further that, in the absence of evidence to the contrary, a debtor's registered office is presumed to be the center of the debtor's main interests.

18.    As set forth in the Beckham Declaration, the Republic of Singapore is the center of the Foreign Debtors' main interests. The Foreign Debtors are incorporated under Singapore law and have their registered offices in Singapore. As such, the Foreign Debtors' center of main interests is presumed to be in Singapore. 11 U.S.C. § 1516(c). Because the Singapore Proceeding is a foreign proceeding located in the Foreign Debtors' center of main interests, it is a "foreign main proceeding" for the purposes of the Bankruptcy Code. Accordingly, the requirements of Section 1517(a)(1) of the Bankruptcy Code have been satisfied.

19.    Recognizing the Singapore Proceeding as a foreign main proceeding would not be manifestly contrary to the public policy of the United States; rather, granting such recognition is entirely consistent with the United States public policy of respecting foreign proceedings as articulated in chapter 15 of the Bankruptcy Code.

20. Based on the foregoing, the Foreign Representative respectfully submits that this Court should enter an order recognizing the Singapore Proceeding as a foreign main proceeding pursuant to Section 1517 of the Bankruptcy Code.

### IV.    PROVISIONAL RELIEF SHOULD BE GRANTED

21. Upon recognition of the Singapore Proceeding as a "foreign main proceeding," the Foreign Debtors shall have the benefit of the relief conferred under Section 1520(a) of the Bankruptcy Code, including the automatic stay under Section 362 of the Bankruptcy Code. The Foreign Debtors, however, also require immediate, interim protection staying the commencement or continuation of actions against the Foreign Debtors and Bumi Resources within the United States. Accordingly, the Foreign Representative requests provisional relief from this Court pursuant to Section 1519 of the Bankruptcy Code.

22. Section 1519(a) of the Bankruptcy Code provides, in pertinent part,

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including—
>
> (1) staying execution against the debtor's assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and
>
> (3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a).

23. As an additional basis upon which relief can be granted, Section 105(a) of the Bankruptcy Code also allows the Court to "issue any order . . . necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a). In the exercise of its inherent authority under Section 105(a), a bankruptcy court may "issue a preliminary injunction to maintain the <u>status quo</u> pending its determination of the ancillary case." *In re MMG LLC*, 256 B.R. 544, 552 (Bankr. S.D.N.Y. 2000); *see also* 2 Collier on Bankruptcy ¶ 105.01 (Alan N. Resnick *et al.* eds., 16th ed. rev. 2010) (Section 105(a) assures "the bankruptcy courts' power to take whatever action is appropriate and necessary in aid of the exercise of their jurisdiction").

24. In furtherance of the injunctive relief set-forth in the Singapore Order, the Foreign Representative has asked this Court to immediately provide the Foreign Debtors with the relief authorized in Sections 105(a) and 1519 of the Bankruptcy Code. The relief sought herein is consistent with, and in furtherance of, the moratorium against creditor action has been granted in the Singapore Proceeding. *See In re Artimm*, 278 B.R. 832, 837 (Bankr. C.D. Cal. 2002) (holding that it was appropriate to stay litigation in the United States because "one of the principal functions of a domestic court in an 11 U.S.C. § 304 case is to assist in the efficient administration of the foreign proceeding by preventing domestic creditors from pursuing or executing on assets in the U.S."). In fact, one of the prime catalysts for the filing of these chapter 15 cases is the concern that one or more creditors would attempt to commence actions within the United States in contravention of the Singapore Order, including actions under the 2017 Notes and the 2016 Notes for which Bumi Investment, Bumi Capital and Bumi Resources consented to jurisdiction in New York.

25. The appropriateness of provisional injunctive and related relief in comparable circumstances has been recognized in numerous chapter 15 cases in this district. *See, e.g., In re*

*PT Berlian Laju Tanker Tbk,* Case No. 13-10901 (SMB) (Bankr. S.D.N.Y. March 29, 2013) (order granting provisional injunctive relief); *In re Chembulk New York Pte Ltd*, Case No. 12-11007 (SMB) (Bankr. S.D.N.Y. March 23, 2012) (same); *In re PT. Arpeni Pratama Ocean Line TBK.*, Case No. 11-15691 (ALG) (Bankr. S.D.N.Y. Jan. 12, 2012) (same); *In re Compania Mexicana de Aviación, S.A. de C.V.*, Case No. 10-14182 (MG) (Bankr. S.D.N.Y. Aug. 3, 2010) (same); *In re Japan Airlines Corp.*, Case No. 10-10198 (JMP) (Bankr. S.D.N.Y. Jan. 19, 2010) (same); *In re Int'l Banking Corp. B.S.C.*, Case No. 09-17318 (SMB) (Bankr. S.D.N.Y. Dec. 18, 2009) (same); *In re Daewoo Logistics Corp.*, Case No. 09-15558 (BRL) (Bankr. S.D.N.Y. Sept. 17, 2009) (same); *In re Atlas Shipping*, Case No. 09-10314 (MG) (Bankr. S.D.N.Y. Jan. 27, 2009) (same).

26. The Foreign Representative and Foreign Debtors have satisfied the general standards for injunctive relief under Section 1519(e) of the Bankruptcy Code, as required to obtain relief under Section 1519(a) of the Bankruptcy Code.

27. In order to obtain a preliminary injunction in the Second Circuit, the moving party must first demonstrate that it is likely to suffer irreparable harm in the absence of the requested relief. *Wilson v. Creditors' Comms. of Commodore Int'l Ltd. (In re Commodore Business Machines)*, 246 B.R. 476, 487 (S.D.N.Y. 2000). Once the likelihood of irreparable harm is established, the movant must prove "either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Id.*; *see also MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (requiring irreparable harm and "either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the

party requesting the preliminary relief."); *Northwest Airlines Corp. v. Ass'n of Flight Attendants (In re Northwest Airlines Corp.)*, 349 B.R. 338, 383 (S.D.N.Y. 2006) (same).

28. The Foreign Debtors will face irreparable harm absent the provisional relief provided by an injunction. Courts have held consistently that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury." *In re Rubin*, 160 B.R. 269, 283 (Bankr. S.D.N.Y. 1993) (quoting *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988)). It has also been held that irreparable harm to an estate exists where the orderly determination of claims and the fair distribution of assets are disrupted. *See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987); *In re MMG LLC*, 256 B.R. at 555 (finding that the guiding principle of bankruptcy is equality of distribution and that irreparable harm exists whenever local creditors of the foreign debtor seek to collect on claims or obtain preferred positions to the detriment of other creditors).

29. All of the Foreign Debtors' creditors would be prejudiced if creditors were allowed to commence collection or other actions within the United States, which would also frustrate the Foreign Debtors' and the Bumi Group's efforts to restructure their debts and affairs. The successful administration of the Foreign Debtors' estate requires that the claims of all creditors, wherever situated, be resolved in the Singapore Proceeding. Without immediate protection, the Foreign Debtors' efforts to achieve successful restructuring that will be beneficial to their creditors will be jeopardized. If the relief sought herein is not granted, creditors will be able to institute legal proceedings in the United States in derogation of the moratorium granted under the Singapore Order and the rights of the Foreign Debtors' other creditors.

30. The Foreign Representative and the Foreign Debtors are likely to succeed on the merits. In this context, "likely to succeed on the merits" refers to the likelihood that the Foreign

Debtors will prevail on its requests for recognition of the Singapore Proceeding and for injunctive relief in this chapter 15 case. *See In re Petition of Garcia Avila*, 296 B.R. 95, 107 (Bankr. S.D.N.Y. 2003) (stating that, under chapter 15's predecessor, "the petitioner is likely to succeed on the merits if he is likely to prevail under § 304(c), the criteria that governs the grant or denial of relief under § 304(b)"); *In re MMG LLC*, 256 B.R. at 552 ("the § 304(c) factors must be considered under the [merits] prong [of the preliminary injunction test]"). Based on the facts of the Foreign Debtors' case, it is beyond dispute that the Foreign Debtors are involved in a "foreign main proceeding" with respect to which Mr. Beckham is the "foreign representative." As all proper supporting documentation was filed contemporaneously with the chapter 15 petition and Section 1516(b) of the Bankruptcy Code allows the Court to presume that they are authentic, there is a high likelihood that recognition will be granted.

31.     Further, upon recognition, a stay on collection activity against the Foreign Debtors' assets will apply automatically under Section 362 of the Bankruptcy Code, made applicable hereto by Section 1520(a)(1) of the Bankruptcy Code. As the Singapore Proceeding should be recognized as a foreign main proceeding and, as upon recognition, Section 362 of the Bankruptcy Code will apply, the Foreign Representative and the Foreign Debtors are likely to succeed on the merits.

32.     Finally, there is no likelihood of irreparable harm to nonmoving parties. By granting the relief requested herein, the Court will not fashion a form of relief that would otherwise not be provided. The Court will simply be providing the Foreign Debtors essentially the same relief that (i) will likely be granted upon recognition of the foreign proceeding pursuant to Section 1520(a)(1) of the Bankruptcy Code, albeit provisionally and in advance, and (ii) was

already granted by the Singapore Court via the Singapore Order. No nonmoving party will be irreparably harmed by granting the relief requested herein.

33. The moratorium granted under the Singapore Order extends to actions against Bumi Resources as well as the Foreign Debtors, because the successful restructuring of the Foreign Debtors is dependant upon the successful restructuring of Bumi Resources.

34. Accordingly, the Foreign Representative requests that the provisional stay also be extended to Bumi Resources. It has been long-recognized that pursuant to section 105(a) of the Bankruptcy Code, the bankruptcy court may enjoin third-party actions against non-debtor entities when the claims threaten to thwart or frustrate the debtor's reorganization efforts. *See In re The 1031 Tax Group, LLC*, 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008). Here, the court should grant comity to the Singapore Order, which extended the stay to the guarantors of the debts of Foreign Debtors including Bumi Resources, just as the district court in *CT Investment Mgmt Co., LLC v. Carbonell*, 2012 U.S. Dist. LEXIS 3356 (S.D.N.Y. 2012), extended the stay to a non-debtor affiliate of the foreign debtors (granting comity to Mexican court order which extended stay to non-debtor guarantors of foreign debtor's debt).

## V. CONCLUSION

35. The Singapore Proceeding qualifies for recognition as a foreign main proceeding and the attendant automatic relief provided for under Section 1520 of the Bankruptcy Code as well as relief under Section 1521 of the Bankruptcy Code. Further, the Foreign Representative has satisfied the requirements for provisional injunctive relief requested pursuant to Sections 105(a) and 1519 of the Bankruptcy Code. Without recognition and the requested provisional relief, there exists a material threat to the Foreign Debtors' reorganization efforts to the detriment

of all of the Foreign Debtors' creditors.  For the foregoing reasons, the Foreign Representative respectfully requests that this Court grant the relief requested.

        SCHNADER HARRISON SEGAL & LEWIS LLP

        By: /s/ Kenneth R. Puhala
            Kenneth R. Puhala
            140 Broadway, Suite 3100
            New York, NY 10005-1101
            Phone:  (212) 973-8000
            Fax:  (212) 972-8798
            kpuhala@schnader.com

            - and -

            Richard A. Barkasy, Esq. *(pro hac vice* pending*)*
            Fred W. Hoensch, Esq. *(pro hac vice* pending*)*
            1600 Market Street, Suite 3600
            Philadelphia, PA 19103-7286
            Phone: (215) 751-2000
            Fax:  (215) 751-2205
            rbarkasy@schnader.com
            fhoensch@schnader.com

Dated:  December 1, 2014        *Attorneys for Andrew Christopher Beckham,*
            *as Foreign Representative*